COMMERCIAL NATIONAL BANK OF OMAHA, APPEL-
LANT, v. MERCHANTS EXCHANGE NATIONAL
BANK OF NEW YORK ET AL., APPELLEES:

FILED FEBRUARY 18, 1896. No. 5251.

Estoppel: CHATTEL MORTGAGES: DISTRIBUTION OF PROCEEDS
OF SALE: STIPULATIONS. In an action begun to subject
goods and the proceeds of sales of goods in the hands of
an agent of defendants to the payment of a claim held
by the plaintiff against the common debtor of both the
plaintiff and the defendants, the plaintiff is *held* not to
have disclosed a right superior to that of the defendants
by merely showing that the goods and proceeds sought to
be reached had originally been taken possession of by
an agent of defendants by virtue of defective mortgages,
especially in view of the fact that there was subsequent to
such possession taken an agreement made by the parties
that the action should proceed to judgment according to
the rights of each after the proceeds of the sales of the
goods had been remitted to defendants, which remittance
had accordingly been made, there being no evidence of
fraud practiced or participated in by the defendants,
against whom judgment is sought for the amount of such
proceeds.

APPEAL from the district court of Douglas county. Heard below before WAKELEY, J.

*Montgomery, Charlton & Hall*, for appellant.

*Hall, McCulloch & English, contra.*

RYAN, C.

On the 24th of November, 1888, the Commercial National Bank of Omaha filed its petition in this case in the office of the clerk of the district court of Douglas county. The defendants named were the New York & Omaha Clothing Company, the Merchants Exchange National Bank of New York City, the Western National Bank of New York City, M. J. Newman, Richard S. Hall, and James H. McCulloch. The New York & Omaha Clothing Company was described as a Nebraska corporation, and the two New York banks as corporations doing business under the national banking laws in the state of New York. It was averred in this petition that the New York & Omaha Clothing Company had become the debtor of the plaintiff in a large sum, of which over $5,000 still remained unpaid, and that the defendants R. S. Hall and James H. McCulloch, as a partnership firm of attorneys at law in Omaha, had taken and still retained possession of and were selling all the goods of the clothing company by virtue of its two pretended mortgages to the national banks named, each of which mortgages was to secure payment of over $20,000. It was also alleged that the clothing company was insolvent.

It was averred by the plaintiff that the aforesaid mortgages had not been executed in such a manner as to create a mortgage lien upon the goods of the clothing company. In the view which we take of this case this contention need

not be considered, for it appears from the aver-ments of the petition, admitted by the answers of all the defendants, that the firm of Hall & McCulloch, as the agent of the two national banks named as defendants, before the petition was filed, had taken possession of the goods sought to be reached, and, from the evidence adduced, that this possession has never been interrupted. As plaintiff sought to assert a right superior to that implied from the possession of the agent of the New York banks, it is necessary to examine care-fully plaintiff's description of the origin of this alleged paramount right and to consider whether such right is enforceable under the facts disclosed by the proofs. It must be conceded that the con-duct of the clothing company's managers was un-fair toward the plaintiff, in leaving it entirely unsecured as it did, and it was quite satisfactorily shown that the credit, upon the faith of which this unsecured debt was created, was procured by false representations. Our concern, however, is with plaintiff on the one hand and the two national banks of New York City on the other.

Plaintiff, to show its right to be paid out of the mortgaged stock of goods in possession of Hall & McCulloch, averred in the petition that about July 3, 1888, plaintiff commenced an action in the dis-trict court of Douglas county against the Omaha & New York Clothing Company for the recovery of the amount of the aforesaid indebtedness due from the latter to the former; that in said action an order of attachment was issued and delivered to the sheriff of Douglas county, and together therewith there was likewise issued and delivered a notice in garnishment, which notice was duly served upon the New York banks as garnishees,

such service being accepted by Hall & McCulloch,. as attorneys for the aforesaid garnishees, and that such garnishees had never answered as such. About October 27, 1888, it was alleged in the petition, plaintiff recovered judgment in the action just described for the sum of $5,454.22; that in due time an execution was issued for the collection of said judgment and was returned unsatisfied for want of goods and chattels of the clothing company whereon to levy. It was averred by plaintiff that at the time its petition was filed in the case at bar there remained in the possession of Hall & McCulloch goods of the clothing company of the value of $10,000. The prayer of the plaintiff's petition was that there might be issued an injunction to prevent the turning over to the New York banks of the proceeds of sales which had already been made; that Hall & McCulloch might be required to account for the proceeds of such sales and for the goods still in their possession, and for the proceeds of such sales as the said firm might afterwards make; that a receiver might be appointed to take possession of and sell the goods not yet sold and apply the proceeds as the court should direct; that the mortgages to the New York banks should be decreed fraudulent, illegal, and void, and that plaintiff be adjudged to be entitled to be paid out of proceeds of sales of the clothing company's goods. There was duly allowed an injunction, and a bond accordingly was executed and approved. On the 8th day of July, 1889, the firm of Hall & McCulloch filed a motion to dissolve this temporary injunction, accompanied by answers of all the defendants in denial of the material averments by which it had been sought to impeach the validity and good faith of

the mortgages made to the New York banks. Under date of February 27, 1891, the following journal entry appears in this case: "Pursuant to stipulation herein made in open court by the parties hereto, this action is hereby dismissed as to the defendants Hall & McCulloch, and it is ordered that the injunction heretofore granted herein be, and the same is hereby, dissolved, this dissolution to be and have effect as of August 10, A. D. 1890." The above entry in the journal was probably based upon the following quotation from the bill of exceptions evidencing a stipulation with which the trial of this cause began on February 26, 1891: "Pursuant to a verbal agreement made between the plaintiff and the defendants Hall & McCulloch, the Western National Bank, and the Merchants Exchange National Bank, both of New York City, New York, before the answers of the said last named banks were filed, and in view of which they were filed, it is hereby agreed that the injunction heretofore granted be dissolved, and the defendants waive damages on account thereof, and the costs to follow the result of this case on its merits. And the defendants Hall & McCulloch, pursuant to said verbal agreement, having sold such of the property mentioned in the petition as was in their possession at the time of the commencement of this action, and having remitted the proceeds of such sales to the said above named New York banks, upon the agreement that the said New York banks would personally appear and file answers in this case, in which event the said case was to be dismissed as to defendants Hall & McCulloch, and in consideration of which, also, it was agreed that the controversy

should be proceeded with as against the said New York banks, and any judgment which might be rendered be rendered against said banks, provided, on hearing, the plaintiff is entitled to judgment, it is hereby agreed and stipulated that the said action be, and hereby is, dismissed as against Hall & McCulloch. The above stipulation is entered into in open court." There was upon this trial a judgment in favor of the defendants, from which plaintiff appeals.

There was no evidence introduced which tended to show that there was due either of the New York banks less than the amount claimed to be owing each of them, neither was there any attempt to show any unfair means resorted to by these banks either for the purpose of obtaining security for, or payment of, the debt due to each of them. It may be conceded that the mortgages were not executed under a power conferred by the board of directors of the clothing company, as required by its articles of incorporation, and yet, with the assent of the officers of the clothing company, the New York banks, by the firm of Hall & McCulloch, took possession and were selling the goods to pay the debts due them. While Hall & McCulloch were in possession they acknowledged service of a garnishment notice upon the New York banks, their principal, but nothing further was done to render effective this garnishment. In the judgment taken upon the claim of the Commercial National Bank of Omaha against the New York & Omaha Clothing Company there was no mention of the garnishment which had been had of the New York banks. For the collection of this judgment there was issued an ordinary execution, which was returned unsatisfied for want of goods whereon to

levy.   In the case at bar there was obtained a preliminary injunction to restrain Hall & McCulloch from paying over to the New York banks the proceeds of sales of goods already, or thereafter to be, made.   There was in the petition upon which this injunction was obtained a prayer that Hall & McCulloch be required to account for the proceeds of such sales and that plaintiff be decreed entitled to receive the same.   In the oral argument of this case counsel for appellant suggested that instead of pressing the injunction proceeding and that for the appointment of a receiver it was deemed advisable to permit the firm of Hall & McCulloch to proceed to sell, and look to them, rather than to a receiver, for the proceeds of the sales of goods, and that it was upon this theory that the verbal agreement referred to in the stipulation at the opening of the trial had been made.   In the stipulation just referred to there was an admission that pursuant to the aforesaid verbal agreement Hall & McCulloch had sold such of the goods as were in their possession when this action was begun, and had remitted the proceeds of such sales to the New York banks upon the agreement that said banks would appear and file their answers in this case, and that upon such answers being filed there should be a dismissal as to Hall & McCulloch and the controversy should be proceeded with as against the banks and a judgment be rendered against said banks if, upon a hearing, plaintiff should be entitled to the judgment.

In view of this stipulation, in which is recited certain acts done pursuant to verbal agreements between the parties, it is quite difficult to determine whether, in advance, it had been orally agreed that Hall and McCulloch might make sales and remittances or not.   In any event, appellant

relies upon this verbal agreement to entitle it to proceed against the New York banks in this action. Whether or not the mortgages to the New York banks were authorized by the board of directors, as required by the articles of incorporation of the New York & Omaha Clothing Company, became immaterial when the plaintiff consented that Hall & McCulloch should sell the goods in their possession and remit the proceeds to their principals. Thenceforward there could be no question made by plaintiff as to the means by which the New York banks had become possessed of the goods of the clothing company, but plaintiff was limited to the question whether or not plaintiff was entitled to recover such proceeds from said banks. If, before this agreement, the garnishment proceedings had not been abandoned, there was by the agreement a complete abandonment of rights predicated upon the garnishment. It admits of grave doubt whether the Commercial National Bank of Omaha, as plaintiff, could recover judgment against the New York banks, as defendants, merely because these latter two banks have been more diligent or more fortunate than plaintiff in making collections from a common debtor, and this, as we understand it, is the sole matter now in controversy in this case. In any event appellant could claim no more than that the banks of another state should be held accountable because of fraud by which had been obtained the advantage which they possess. A careful examination of the evidence convinces us that there was shown nothing in the conduct of the New York banks or their agents which justifies or even tends to justify such an imputation of fraud. The judgment of the district court is

                                        AFFIRMED.